**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 4, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ANGELO OTERO,

Defendant-Appellant.

No. 06-2226

(Case No. 05-CR-221-RB)

(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **McKAY**, and **McCONNELL**, Circuit Judges.

Appellant Angelo Otero was charged with manufacturing more than one hundred marijuana plants. After the district court denied his motion to suppress certain evidence, he pled guilty to the offense and received an eleven-month sentence of imprisonment. He appeals the court's denial of his suppression motion.

In reviewing a district court's denial of a motion to suppress, "we consider the totality of the circumstances and view the evidence in a light most favorable

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to the government," accepting the district court's factual findings unless clearly erroneous. *United States v. Gama-Bastidas*, 142 F.3d 1233, 1237 (10th Cir. 1998). We review de novo the ultimate question of the reasonableness of a search. *Id.*

We reject Appellant's argument that police officers violated his Fourth Amendment rights by going through an unlocked gate and knocking on the door of his residence. Nothing in the record suggests that the officers' approach to Appellant's house was in any way inappropriate. *See United States v. Taylor*, 458 F.3d 1201 (11th Cir. 2006) (holding that officers do not violate the Fourth Amendment by passing through unlocked gate and approaching house in order to conduct "knock and talk" with residents of house); *United States v. Cavely*, 318 F.3d 987, 994 n.1 (10th Cir. 2003) ("The mere fact that officers went to the front and around towards the back of appellant's house, standing alone, does not establish an invasion of the curtilage."); *Davis v. United States*, 327 F.2d 301, 303 (9th Cir. 1964) ("Absent express orders from the person in possession against any possible trespass, there is no rule of private or public conduct which makes it illegal per se, or a condemned invasion of the person's right of privacy, for any one openly and peaceably . . . to walk up the steps and knock on the front door of any man's 'castle'. . . .").

Appellant also argues that he did not give voluntary consent to the subsequent search of his backyard. After hearing testimony from Appellant and

from the two officers involved, the district court found that one of the officers asked if he could look around the back of the property and that Appellant gave the officer unequivocal consent. The court found that the conversation between Appellant and the officers was "pleasant, respectful, and conversational" in tone. (App. at 117.) Appellant does not contest these findings; rather, he argues that he was psychologically coerced because (1) he was aware that the men requesting consent were police officers; (2) it is well known that police officers have the power to arrest people; (3) police officers usually carry weapons; (4) he was confronted by two officers, not one; and (5) the police officers had already shown their disrespect for his Fourth Amendment rights by knocking on the door of his residence. Appellant's position is contrary to well-established case law. Consent to police officers is not negated by the fact that the consentor knows them to be police officers, *see, e.g., United States v. Pena-Sarabia*, 297 F.3d 983, 987 (10th Cir. 2002) (concluding that consent was not coerced when three police officers knocked on front door of house, identified themselves, and asked for consent to search residence), and, as discussed above, officers did not violate the Fourth Amendment by simply approaching and knocking on the door of a house.

Therefore, the district court did not err in denying Appellant's motion to suppress.

**AFFIRMED.**

Entered for the Court

Monroe G. McKay
Circuit Judge